## LONNIE POE v. STATE.

No. A-8682.    May 11, 1934.
(32 Pac. [2d] 751.)

Bryan Phillips, for plaintiff in error.

J. Berry King, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, J.    The plaintiff in error, hereinafter referred to as the defendant, was convicted of robbery with firearms and sentenced to serve a term of 15 years in the penitentiary.

The evidence of the state shows that L. W. Geist, on the 5th day of December, 1932, was an employee in the State Bank of Cyril, Caddo county, Okla., and in charge of its funds; that on said date two men entered the bank and took from the funds of the said bank $3,989, the property of the Bank of Cyril; that it was taken without the knowledge or consent of any of the bank employees, and by force at the point of a pistol.

The witness positively identified the defendant as one of the men who entered the bank and robbed it.

The defendant in this case is also identified by Ralph Matlock, who gave his post office as Cement, Okla. Matlock was in the bank at the time the parties came in and robbed it. The defendant offered no testimony.

The testimony in this case clearly shows the defendant guilty of the robbery charged with firearms, and this judgment should not be disturbed unless it appears from the record some error was committed in the trial of the case.

The defendant, in his first assignment of error, urges that the court erred in overruling his motion for a new trial. This motion for a new trial covers all the other errors complained of. It is insisted by the defendant that the facts stated in the information do not constitute a public offense. An examination of the information shows that it clearly stated a charge of robbery with firearms against the defendant, and the demurrer is without merit.

The other assignments of errors urged by the defendant do not possess merit. No question is raised by the defendant as to the instructions of the court and as to the admission or rejection of the evidence, except the defendant urges that the state's witnesses were asked some leading questions. After carefully examining the record, we hold that the rights of the defendant were not prejudiced by reason of the questions propounded to the witnesses.

The evidence is amply sufficient to sustain the verdict. The defendant was accorded a fair and impartial trial. There are no errors in the record warranting a reversal.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.